# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MADE ALLEN TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. 4:25-cv-00008-SLG |

## SCREENING ORDER

On February 13, 2025, self-represented prisoner Made Allen Taylor ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's Complaint alleges that the Alaska Department of Corrections ("DOC") failed to protect him from violence and failed to provide him with adequate medical care. Specifically, Plaintiff claims that in December 2018, while he was a pretrial detainee at the Fairbanks Correctional Center ("FCC"), he was assaulted by two other inmates.[2] While the exact dates are unclear, sometime after the assault, Plaintiff was released from DOC custody.[3]

---

[1] Dockets 1-3.

[2] Docket 1 at 4.

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Plaintiff appears to have been rearrested February 2024,[4] and he was transferred to FCC on November 8, 2024.[5] Plaintiff alleges he is experiencing physical pain and mental anguish due to DOC's failure to provide him with adequate medical care.[6] For relief, Plaintiff requests $10,000,000 in damages, $20,000,000 in punitive damages, and an order requiring Defendants to provide him with adequate medical care.[7]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As an initial matter, this action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the past six months. Additionally, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

If the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C.

---

[4] *State of Alaska vs. Taylor, Made Allen,* Case No. 4FA-24-00390CR, Docket 02/28/2024 (Warrant Issued by Fairbanks Court issued), Docket 08/22/2024 (Bail Hearing); Docket 10/28/2024 (Bail Hearing).

[5] Docket 1-1 at 4.

[6] Docket 1 at 4-5.

[7] Docket 1 at 2.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 2 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 2 of 18

§1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 3 of 18
Case 4:25-cv-00008-SLG    Document 5    Filed 06/30/25    Page 3 of 18

the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I. This action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the filing fee.

To properly commence a civil rights action, a prisoner must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive *prepayment* of the filing fee.[16] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust

---

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] District of Alaska Local Civil Rule 3.1.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 4 of 18
Case 4:25-cv-00008-SLG     Document 5     Filed 06/30/25     Page 4 of 18

account for the past six months.[17] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil rights lawsuits.[18] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[19]

This action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee along with a statement from his prisoner trust account for the past six months. At Docket 3, Plaintiff filed a motion to waive prepayment of the filing fee that does not satisfy the requirements for proceeding without prepayment of fees under federal law. Plaintiff's motion is inadequate, as he does not include a "statement of all assets"[20] or much of the information required to assess Plaintiff's claims of indigency. Plaintiff also fails to include a certified copy of his prison account statement for the six months immediately preceding the filing of the complaint.[21]

---

[17] Local Civil Rule 3.1(c)(3).

[18] 28 U.S.C. § 1915(a)-(b).

[19] 28 U.S.C. § 1915(b)(1)&(2).

[20] *See* 28 U.S.C. § 1915(a)(1) (requiring "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."). *See also Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) ("[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (internal quotation marks and citation omitted).

[21] 28 U.S.C. § 1915(a)(2). *See also* Alaska Local Civil Rule 3.1(c)(3) ("Applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 must be fully completed and signed before an application to waive prepayment of fees will be considered. Prisoners must include a certified copy of their prison trust account statement, dating back six months.").

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 5 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 5 of 18

For these reasons, Plaintiff's motion to waive prepayment of the filing fee at Docket 3 is DENIED with leave to refile using the Court's form. If Plaintiff chooses to file an amended complaint, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months. Should Plaintiff proceed with this case, the Court will issue a separate order on the collection of the filing fee.

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[22] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[23] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[24] A claim is plausible "when the plaintiff pleads factual

---

[22] Fed. R. Civ. P. 8(a)(2).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[24] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 6 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 6 of 18

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[26] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[27]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[28] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[29] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[30] Section 1983 does not

---

[25] *Ashcroft,* 556 U.S. at 678.

[26] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[27] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[28] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[29] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[30] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 7 of 18
Case 4:25-cv-00008-SLG     Document 5     Filed 06/30/25     Page 7 of 18

confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[31] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[32]

### A. Plaintiff cannot bring claims against the State of Alaska or State Departments - Department of Corrections ("DOC")

A defendant in a civil rights lawsuit must be a "person."[33] States and state agencies are not considered "persons" under Section 1983.[34] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[35] The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution. Therefore, Plaintiff's civil rights claims against the Department of Corrections must be dismissed as they are not viable claims.

---

329, 340-41 (1997).

[31] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[32] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[33] 42 U.S.C. § 1983.

[34] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[35] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 8 of 18
Case 4:25-cv-00008-SLG     Document 5     Filed 06/30/25     Page 8 of 18

### B. Plaintiff must name individual defendants

Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[36] Plaintiff must not bring claims against DOC employees generally in an amended complaint. A plaintiff may use a "Doe" defendant designation to refer to a defendants whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s) each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff.

### C. Statute of limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[37] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[38] They also "ensure that claims

---

[36] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[37] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.'").

[38] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 9 of 18
Case 4:25-cv-00008-SLG     Document 5     Filed 06/30/25     Page 9 of 18

are filed before essential evidence disappears."[39] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[40]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[41] A claim ordinarily accrues on date of the injury.[42] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[43] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[44] In Alaska, the statute of limitations for personal injury claims is two years.[45]

Plaintiff's failure to protect claim is based on an alleged assault that occurred in December 2018. Therefore, without a basis for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations, Plaintiff's failure to

---

[39] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[40] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[41] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[42] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[43] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[44] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[45] Alaska Stat. § 09.10.070.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 10 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 10 of 18

protect claim became time-barred after the two-year statute of limitations expired in December 2020. A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations "is apparent on the face of the complaint."[46] However, before time-barred claims are dismissed, a plaintiff should first be given an opportunity to address equitable tolling.[47] Therefore, Plaintiff is accorded **60 days** to file an amended complaint in which he restates his claims and addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.

### D. Claims of Inadequate Medical Care

Claims of inadequate medical care have different requirements depending on whether the Plaintiff is a pretrial detainee or a convicted prisoner. Convicted prisoners' claims are evaluated under the Eighth Amendment, which prohibits cruel and unusual punishment, while pretrial detainees' claims are assessed under the Fourteenth Amendment's Due Process Clause.[48] It appears Plaintiff was a pretrial

---

[46] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011).

[47] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

[48] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018) (relying on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment). *See also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 11 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 11 of 18

detainee throughout all or much of the relevant time he has been in custody. If Plaintiff was in custody as a convicted prisoner during any of the alleged events giving rise to his claims, he shall clearly identify any such periods of time in an amended complaint.

Pretrial detainees may state a claim for the unconstitutional denial of medical care under confinement under the Due Process Clause in the Fourteenth Amendment, asserting that a particular defendant failed to provide the plaintiff with needed medical care.[49] To prevail on such a claim, a pretrial detainee must plead sufficient plausible facts, accepted as true, showing each of the following:

(1) the defendant made an intentional decision regarding the denial of needed medical care;

(2) those conditions or the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate or reduce that risk of serious harm, even though a reasonable officer in the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

---

[49] *Bell v. Wolfish*, 441 U.S. 520, 535-37 and n.16 (1979); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 12 of 18
Case 4:25-cv-00008-SLG    Document 5    Filed 06/30/25    Page 12 of 18

(4) by not taking such measures, the defendant caused the plaintiff's injuries.[50]

With respect to the third element, the defendant's conduct must be objectively unreasonable.[51] "[M]ere lack of due care by a state official" is not enough to show a constitutional violation; instead the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[52]

Plaintiff may be able to state a plausible claim against specific health care providers at FCC that he alleges denied him of necessary medical care. Therefore, he will be accorded leave to file an amended complaint in which he revises his inadequate medical care claim. The amended complaint must separately identify each defendant whom he is alleging caused Plaintiff an injury, when that injury occurred, and what was the intentional decision of that defendant with respect to a denial of medical care that caused Plaintiff's injury.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[53] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a

---

[50] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instructions 9.30 (Pretrial Detainee's Claim of Conditions of Confinement/Medical Care) and the cases cited therein.

[51] *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc).

[52] *Alexander v. Nguyen*, 78 F.4th 1140, 1144-45 (9th Cir. 2023) (internal quotation omitted).

[53] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 13 of 18
Case 4:25-cv-00008-SLG    Document 5    Filed 06/30/25    Page 13 of 18

plausible claim for relief.[54] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[55] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[54] Fed. Rule Civ. Proc. 8(a)(2).

[55] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 14 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 14 of 18

If the amended complaint is dismissed for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 15 of 18
Case 4:25-cv-00008-SLG    Document 5    Filed 06/30/25    Page 15 of 18

count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[56]

5. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is DENIED.** Plaintiff may file a renewed application to waive prepayment of the filing fee on the Court's form.

6. If Plaintiff elects to file an amended complaint, he must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee **within 60 days of the date of this order**. The application to waive *prepayment* of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months.

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[57] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner

---

[56] *Spencer v. Barajas*, Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. June 6, 2025).

[57] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 16 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 16 of 18

Application to Waive the Filing Fee (Form PS11).[58]  Failure to comply may result in dismissal of this action.

9. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[59]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

10. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[60]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[58] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[59] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[60] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 17 of 18
Case 4:25-cv-00008-SLG    Document 5    Filed 06/30/25    Page 17 of 18

12. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) form PS10, Prisoner's application to waive prepayment of fees.

DATED this 30th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Screening Order
Page 18 of 18
Case 4:25-cv-00008-SLG   Document 5   Filed 06/30/25   Page 18 of 18