# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MADE ALLEN TAYLOR,

        Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS,

        Defendant.

Case No. 4:25-cv-00008-SLG

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On February 13, 2025, self-represented prisoner Made Allen Taylor ("Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), a civil cover sheet, and a prisoner's application to waive prepayment of the filing fee.[1] The Court screened the Complaint, found it deficient, but granted leave to file either an amended complaint or h a Notice of Voluntary Dismissal.[2] The Court warned Plaintiff that the failure to file one of those documents with the Court by August 30, 2025, would result in dismissal of this case under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.[3] To date, Plaintiff has not responded.

---

[1] Dockets 1-3.

[2] Docket 5.

[3] Docket 5 at 15-16.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[6] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[7] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits

---

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[6] *See, e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[7] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Order of Dismissal & Notice of Strike
Page 2 of 5

but whose conduct impedes progress in that direction,"[8] which is the case here. The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[9] The Court's Order at Docket 5 accorded Plaintiff an opportunity to file a First Amended Complaint and warned him of the potential dismissal of this action in the event of noncompliance.

Based on the foregoing, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[10] The Court finds no other lesser sanction to be satisfactory or effective in this case.[11] Therefore, this case is dismissed, without prejudice, for failure to prosecute this action.

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous

---

[8] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[9] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[10] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[11] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Order of Dismissal & Notice of Strike
Page 3 of 5

or malicious or fails to state a claim upon which relief may be granted[.]"[12] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[13] When a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he files the complaint, "the prisoner is under imminent danger of serious physical injury."[14] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[15]  It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[16] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[17]

---

[12] 28 U.S.C. § 1915(g).

[13] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[14] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[15] *Andrews,* 493 F.3d at 1056 (cleaned up).

[16] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[17] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Order of Dismissal & Notice of Strike
Page 4 of 5

Case 4:25-cv-00008-SLG   Document 6   Filed 09/16/25   Page 4 of 5

IT IS THEREFORE ORDERED:

1.　　This case is **DISMISSED without prejudice, for failure to prosecute this action.**

2.　　This dismissal counts as a "strike" under § 1915(g).[18]

3.　　All pending motions are **DENIED as moot.**

4.　　The Clerk of Court shall issue a final judgment and close this case.

DATED this 16th day of September, 2025 at Anchorage, Alaska.

　　　　　　　　　　　　　　*/s/ Sharon L. Gleason*
　　　　　　　　　　　　　　SHARON L. GLEASON
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[18] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)). *See also O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (concluding that a plaintiff has "brought" an action for the purposes of Section 1915(g) when he submits the operative complaint).

Case No. 4:25-cv-00008-SLG, *Taylor v. Department of Corrections*
Order of Dismissal & Notice of Strike
Page 5 of 5